1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHO, VARGAS, RENE, HESTER, JO, JAE JUNE PAK,

                              Plaintiffs,

          v.

SIX UNKNOWN NAMES AGENTS, et al.,

                              Defendants.

_____/

CASE NO. 1:11-cv-02121-AWI-MJS (PC)

ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFFS TO FILE SIGNED COMPLAINTS AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS

(ECF No. 1)

On December 27, 2011, Plaintiffs filed what was construed as a civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (Compl., ECF No. 1.) In addition to failing to set forth any intelligible claim for relief, the Complaint is unsigned.

The Court cannot consider unsigned filings. Fed. R. Civ. P. 11(a) ("[e]very pleading...must be signed...by a party personally if the party is unrepresented"). Accordingly, this Complaint shall be stricken from the record. Plaintiffs will be given thirty days to each, individually, file a signed complaint or a single complaint will all of their individual signatures, that complies with Federal Rule of Civil Procedure 8(a).[1]

_____

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as

Additionally, a civil action may not proceed absent the submission of either the filing fee or the grant of in forma pauperis status.  28 U.S.C. §§ 1914, 1915.  Plaintiffs therefore shall also file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiffs' Complaint is stricken from the record for lack of signatures;

2.    The Clerk's Office shall send Plaintiffs Bivens complaint forms and an application to proceed in forma pauperis;

3.    Within thirty (30) days from the date of service of this Order, Plaintiffs must each, individually, file a signed complaint or a single complaint signed by all Plaintiffs, and either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee for this action; and

4.    The failure to comply with this Order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   January 31, 2012          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.